IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NRA GROUP, LLC, | : | |
|    Plaintiff | : | No. 1:21-cv-00715 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| NICOLE DURENLEAU and JAMIE | : | |
| BADACZEWSKI, | : | |
|    Defendants | : | |

## MEMORANDUM

Before the Court is Plaintiff's Motion for Award of Expenses and Attorneys' Fees. (Doc. No. 26.) For the reasons discussed below, the Court will grant in part and deny in part the motion.

**I.  BACKGROUND**

On April 16, 2021, Plaintiff NRA Group, LLC ("Plaintiff" or "NRA") initiated the above-captioned action by filing a complaint in this Court against a former employee, Defendant Nicole Durenleau ("Defendant Durenleau"), alleging a claim under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. (Doc. No. 1.)  On May 19, 2021, Plaintiff filed an amended complaint, adding another former employee, Jamie Badaczewski, as a defendant ("Defendant Badaczewski," and with Durenleau, "Defendants"), and asserting additional claims under the CFAA, as well as claims of: violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836; violation of the Pennsylvania Uniform Trade Secrets Act, 12 Pa. C.S. § 5302; civil conspiracy; and breach of the common law duty of loyalty.  (Doc. No. 8.)

Before either Defendant was due to respond to the amended complaint, on June 9, 2021, Plaintiff filed a Motion for Protective Order and Special Relief (Doc. No. 14), with exhibits and a brief in support (Doc. No. 15).  The motion related to the issuance of a subpoena by

Defendants' counsel, dated May 17, 2021, directed to the Swatara Township Police Department ("STPD") seeking the production of "[a]ny and all files, complaints, investigations, reports, letters, memorandums, emails and/or any other documents which reference or relate to Shell Sharma, Steve Kusic, Jill Kusic and/or NRA Group, LLC a/k/a National Recovery Agency." (Doc. No. 15-1.)  According to Plaintiff's moving papers, the subpoena at issue was officially served on the STPD on May 19, 2021, after Defendants' counsel provided notice of the subpoena to a detective with the STPD via email on May 17, 2021.  (Doc. No. 15-2.)  Plaintiff's former counsel received notice of the subpoena via email on May 17, 2021.  (Doc. No. 15-6.)  Before STPD's Solicitor had notice of service of the subpoena, and on the same day the subpoena was served, the STPD detective sent numerous documents in response to the subpoena to Defendants' counsel via email, totaling 764 pages of materials.  (Doc. No. 15 at 5-8.)  In connection with its motion, Plaintiff's counsel asserted that the materials reflected the STPD's investigative work, including a significant amount of sensitive business information that Plaintiff provided to the STPD to aid in its investigation of a criminal complaint previously lodged by Plaintiff with the STPD against Defendant Durenleau related to the conduct that forms the basis of its claims against her.  (Id. at 8-9.)  After numerous communications among Plaintiff's counsel, Defendants' counsel, and the STPD, Plaintiff filed its motion seeking a protective order preventing Defendants from utilizing the materials obtained via the May 17, 2021 subpoena, and further, seeking an award of its fees and costs incurred in filing the motion.  (Id. at 16.)

      After full briefing and a telephone conference with the parties, the Court issued an Order dated July 16, 2021 (Doc. No. 23) granting Plaintiff's motion for a protective order.  In doing so, the Court found that: (1) Defendants' counsel issued the subpoena in violation of Rule 26 of the Federal Rules of Civil Procedure because it was undisputed that, at the time of the issuance of

the subpoena, the parties had not conferred as required by Rule 26(f); and (2) the subpoena was substantively improper because it sought the production of information that was irrelevant to the claims at issue, in light of the fact that—despite Defendants' counsel's representation at the time that the subpoena sought information "that goes directly to Ms. Durenleau and Ms. Badaczewski's defenses and counterclaims in this matter"—as of May 17, 2021, neither Defendant had filed an answer or a counterclaim, and in fact, Ms. Badaczewski was not yet a defendant in this action, as the amended complaint asserting claims against her was filed on May 19, 2021.[1]  (Id. at 5-7.)

Accordingly, the Court's July 16, 2021 Order provided that "Defendants may not use any of the documentation produced by the Swatara Township Police Department in response to the May 17, 2021 subpoena issued by Defendants' counsel (the 'Subpoenaed Documents'), unless such documents are obtained independently in compliance with the Federal Rules of Civil Procedure," and that "Defendants and their counsel shall immediately delete and destroy any and all electronic and hard copies of the Subpoenaed Documents and shall confirm that destruction in writing to Plaintiff's counsel within five (5) days of the date of this Order."  (Id. at 8.)  In accordance with the provisions of Federal Rule of Civil Procedure 37(a)(5), the Court's Order permitted Plaintiff to file a motion for attorneys' fees.  (Id.)

---

[1] Defendant Durenleau subsequently filed an Answer and Counterclaim on June 18, 2021 (Doc. No. 16), while Defendant Badaczewski filed an Answer and Counterclaim on July 20, 2021 (Doc. No. 24).  Defendant Durenleau filed an Amended Answer and Counterclaim on July 28, 2021.  (Doc. No. 25.)  Plaintiff subsequently filed an answer to Defendants' counterclaims on August 10 and 17, 2021, respectively.  (Doc. Nos. 31, 33.)  The parties held a case management conference with the Court on October 13, 2021 (Doc. No. 48), after which the Court issued a scheduling order identifying March 31, 2022 as the date for the close of fact discovery (Doc. No. 49).  On February 28, 2022, the Court granted the parties' joint motion for an extension of time to complete discovery (Doc. No. 65), setting May 16, 2022 as the date for the close of fact discovery.  (Doc. No. 66.)

Thereafter, on July 29, 2021, Plaintiff filed a Motion for Award of Expenses and Attorneys' Fees with a brief in support and several exhibits. (Doc. Nos. 26, 27.) A few days later, Plaintiff filed a Motion for Special Relief (Doc. No. 29) with supporting brief (Doc. No. 30), asking the Court for an order requiring Defendants "to provide a certificate of destruction relating to the destruction of any and all electronic materials required to be destroyed pursuant to this Court's July 16, 2021 Order." (Doc. No. 29 at 1.) Defendants thereafter filed a brief in opposition to Plaintiff's motion for expenses and attorneys' fees (Doc. No. 32) and motion for special relief (Doc. No. 35). Plaintiff filed its reply brief in support of its motion for special relief on September 2, 2021. (Doc. No. 40.)

Meanwhile, Plaintiff filed its reply brief in support of its attorneys' fees motion on August 26, 2021 (Doc. No. 36), and on that same date, filed a Motion for Leave to File Exhibit 4 to Plaintiff's Reply Brief Under Seal (Doc. No. 37). Defendants did not concur in the motion, and on September 9, 2021, Plaintiff filed a brief in support of its motion. (Doc. No. 41.) On August 30, 2021, Defendants filed a Motion for Leave to File a Sur-Reply Brief to Plaintiff's attorneys' fees motion (Doc. No. 39), which motion was concurred in by Plaintiff "conditioned upon Defendants/Counterclaim Plaintiffs' counsel providing concurrence with a subsequent motion for leave to file a sur-reply brief which Plaintiff/Counterclaim Defendant may wish to file." (Id. at 6.) Defendants filed a brief in opposition to Plaintiff's sealing motion (Doc. No. 43), and on September 27, 2021, Plaintiff filed a reply brief (Doc. No. 44).

The Court issued an Order on October 12, 2021 ("October 12 Order"), which resolved most of the pending motions before the Court. (Doc. No. 47.) The October 12 Order denied Plaintiff's Motion for Leave to File Exhibit 4 to Reply Brief Under Seal as well as Defendants' Motion for Leave to File a Sur-Reply Brief to Plaintiff's attorneys' fees motion, on the grounds

4

that both motions pertained to an issue extraneous to Plaintiff's pending motion for an award of attorneys' fees.  (Id. at 4-6.)[2]  The October 12 Order also granted Plaintiff's Motion for Special Relief and required Defendants to submit a certificate of destruction of the Subpoenaed Documents, which would serve as confirmation of Defendants' prior compliance with the Court's Order of July 16.  (Id. at 11-15.)[3]

Finally, the Court's October 12 Order found that Plaintiff is entitled to an award of attorneys' fees incurred in filing its motion for a protective order, and that Defendants' counsel should be responsible for the payment of those fees.  (Id. at 7-9.)  In addressing the reasonableness of the fee award sought, the Court noted that "Plaintiff seeks attorney's fees in the amount of $22,907.50, consisting of 18.9 hours of time spent by Attorney Paige Macdonald-Matthes at a rate of $550 per hour, and 32.5 hours of time spent by Attorney Joshua B. Kaplan at a rate of $385 per hour," and that "Plaintiff maintains that the reasonableness of the attorneys' hourly rates is demonstrated by counsel's years of experience and 'evidenced by NRA Group's payment thereof.'"  (Doc. No. 47 at 10) (quoting Doc. No. 27 at 6).  The Court made no finding as to the reasonableness of the rates sought by Plaintiff in the October 12 Order, but noted that "an attorney's usual billing rate is not dispositive," because courts must compare the rates sought to those prevailing in the community for lawyers of comparable experience and skill.  (Id.)

The Court also noted that Plaintiff had failed to submit a detailed record of attorney time spent in connection with the motion for a protective order, simply offering to produce such

---

[2] Both Plaintiff's and Defendants' motions involved the use of information contained in the Subpoenaed Documents in connection with another case, Rothenhoefer v. NRA Group, LLC, No. 21-cv-01474 (M.D. Pa. filed Aug. 26, 2021).  (Doc. No. 47 at 4-5.)

[3] Defendants complied with this directive and filed a certificate of destruction by an IT professional, confirming the permanent deletion of all Subpoenaed Documents, on October 22, 2021.  (Doc. No. 54.)

records for in camera inspection. (Id.) Accordingly, the Court reserved its ruling on Plaintiff's motion for attorneys' fees and directed Plaintiff to supplement the record by filing an affidavit containing enough information for the Court to rule—and for Defendants to be heard—on the reasonableness of the attorneys' fees requested. (Id. at 10-11.) On October 21, 2021, Plaintiff filed an affidavit containing invoices charged to NRA Group, which it maintains were billed in relation to the motion for a protective order. (Doc. No. 53.) Defendants filed a response to the affidavit on October 29, 2021 (Doc. No. 55), and Plaintiff filed a reply brief to Defendants' response on November 12, 2021 (Doc. No. 56). Accordingly, Plaintiff's motion for attorneys' fees is ripe for disposition.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 37 authorizes a district court to impose sanctions against a party that does not fulfill its discovery obligations in accordance with the Federal Rules or a court order. See Fed. R. Civ. P. 37. The purposes of Rule 37 include penalizing a culpable party or attorney and deterring others from engaging in similar conduct. See Nat'l Hockey League v. Metro Hockey Club, Inc., 427 U.S. 639, 643 (1976). Rule 37(a)(5)(A) addresses the payment of expenses in connection with the grant of a protective order, providing as follows:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i)   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or

6

>    (iii)   other circumstances make an award of expenses unjust.

See id. Rule 37(a)(5)(A) permits the Court to require a party or its attorney, or both, to pay the reasonable expenses incurred in relation to a motion for protective order.  The decision as to whether to impose sanctions under Rule 37, and a determination as to what sanction may be appropriate, "are matters generally entrusted to the discretion of the district court." See Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 538 (3d Cir. 2007), amended on reh'g (Mar. 8, 2007).

"The starting point for determining the amount of a reasonable fee is the lodestar, which courts determine by calculating the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" McKenna v. City of Philadelphia, 582 F.3d 447, 455 (3d Cir. 2009) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  A party seeking an award of fees bears the burden of demonstrating the reasonableness of its request.  See Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 703 n.5 (3d Cir. 2005), as amended (Nov. 10, 2005).  Therefore, "the fee petitioner must submit evidence supporting the hours worked and rates claimed." See id. (internal quotation marks omitted).  A party opposing a fee request must "challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." See Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).

In reviewing the hours worked and rates claimed, the following guidelines apply.  With respect to the billing rate claimed, "a reasonable hourly rate is calculated according to the prevailing market rate in the relevant community." See Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001).  In determining a reasonable hourly rate, "[c]ourts are to 'assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates

7

prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" See Yeh v. United States Bureau of Prisons, No. 18-cv-00943, 2020 WL 1505661, at *5 (M.D. Pa. Mar. 30, 2020) (quoting Maldonado, 256 F.3d at 184). While the attorney's typical billing rate is a starting point in the Court's reasonableness assessment, "it is not dispositive." See id. (citing Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 180 (3d Cir. 2001)). "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). Such evidence "often comes in the form of affidavits from other attorneys." See Carey v. City of Wilkes-Barre, 496 F. App'x 234, 237 (3d Cir. 2012) (unpublished) (citing Evans v. Port Authority of N.Y., 273 F.3d 346, 358 (3d Cir. 2001)).

With regard to the hours worked, the Court must "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" See Pub. Int. Rsch. Grp. of New Jersey, Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995) (quoting Hensley, 461 U.S. at 433). "In reviewing whether the number of hours in a fee application are reasonable, the Court must conduct a thorough and searching analysis, and it is necessary that the Court go line, by line, through the billing records supporting the fee request." Wachtel v. Health Net., Inc., No. 01-cv-4183, 2007 WL 1791553, at *2 (D. N.J. June 19, 2007) (internal quotation marks omitted).

### III. DISCUSSION

    **A.    Arguments of the Parties**

Plaintiff's motion seeks attorneys' fees in the total amount of $22,907.50, a figure that consists of 18.9 hours of time spent by Attorney Paige Macdonald-Matthes ("Attorney Macdonald-Matthes") at a rate of $550 per hour, and 32.5 hours of time spent by Attorney Joshua B. Kaplan ("Attorney Kaplan") at a rate of $385 per hour.  (Doc. No. 27-4 at 2.)  Plaintiff supports its motion with the Affidavit of Attorney Macdonald-Matthes, who attests to both her twenty-eight (28) years of private practice litigating in state and federal courts and Attorney Kaplan's four years of experience as a staff attorney with the Third Circuit Court of Appeals and nine subsequent years in private practice.  (Id.)  The Affidavit also attests to Plaintiff's payment of Attorney Macdonald-Matthes and Attorney Kaplan's hourly rates sought to be reimbursed.  (Id.)  In its brief in support of its motion, Plaintiff maintains that the billing rates charged are reasonable based on counsel's years of experience and its payment of those rates.  (Doc. No. 27 at 6.)

After the Court issued its October 12 Order directing Plaintiff to supplement the record by filing an affidavit containing a detailed description of the time spent by its attorneys in connection with its June 9, 2021 motion for a protective order so as to enable the Court to assess the reasonableness of the time spent in connection with the motion, Plaintiff filed with the Court the invoices submitted to it in connection with the preparation of its motion for a protective order, redacted to protect attorney-client privileged communications.  (Doc. No. 53-1.)  These invoices include sixty-three (63) separate entries detailing the tasks completed and the attorney responsible for each entry.  (Id.)  Plaintiff asserts that these expenses consist of: (1) correspondence with the STPD's solicitor regarding NRA Group's objections to Defendants' subpoena; (2) correspondence with Defendants' counsel regarding NRA Group's objections to the subpoena and requests for information concerning the materials produced; (3)

9

correspondence with Plaintiff's prior counsel concerning the timing and delivery of the notice of subpoena; (4) "close review and analysis of the 764 pages of documents" produced by the STPD in response to Defendants' subpoena; (5) communications with NRA Group regarding Plaintiff's counsel's response to Defendants' subpoena; and (6) motion practice surrounding the motion for a protective order. (Doc. No. 27 at 3-4.)

Defendants argue that the rates claimed and the hours worked by Attorneys Macdonald-Matthes and Kaplan are unreasonable, and request instead that the Court award $5,370.00 in attorneys' fees. (Doc. No. 55 at 7-11.) Defendants contend that Plaintiff provides no proof that either of its attorneys' rates are commensurate with rates charged by attorneys of similar skill or experience within the Middle District of Pennsylvania. (Id. at 7-8.) Defendants assert that reasonable hourly rates for attorneys practicing in the Middle District are $300 per hour for senior partners and $200 per hour for "all other attorneys," and argue that Plaintiff's attorneys are charging out of district rates based on the Philadelphia market, where their law firm is headquartered. (Id. at 9-10.)

In addition to arguing for an across-the-board hourly rate reduction, Defendants raise specific objections to certain entries in Plaintiff's submitted billing records and include a line-by-line analysis of the records with suggested adjustments. See (Doc. No 55-2). Defendants seek to exclude or discount thirty-eight (38) of Plaintiff's sixty-three (63) entries. (Doc. No. 55 at 14-27.) Defendants argue that these entries are either: (1) excessive considering the nature of or time spent on the tasks listed; (2) unrelated to the motion for protective order; (3) unsubstantiated by a corresponding entry; or (4) duplicative of a task already accounted for in another time entry. (Id.)

In reply to Defendants' objections to their billing rates, Plaintiff claims that the Court has already ruled on the reasonableness of its attorneys' rates. (Doc. No. 56 at 2-5.)[4] Resting on this presumption, Plaintiff does not provide any further evidence in support of the reasonableness of the requested billing rates, beyond billing statements indicating that Plaintiff paid the rates sought to be reimbursed. (Doc. No. 53-1.) Plaintiff responds to Defendants' objections to certain time entries by arguing that Defendants' objections are not supported by legal authority and lack substantive merit, and so should be overruled in full. (Doc. No. 56 at 6-16.)

### B.  Whether Plaintiff's Requested Attorneys' Fees are Reasonable

The Court's October 12 Order found that Plaintiff is entitled to an award of attorneys' fees in connection with the Court's decision granting the motion for a protective order, and that such fees shall be payable by Defendants' counsel. The Court specifically withheld ruling on the amount it would award, recognizing that the final amount would depend upon a detailed inquiry into the reasonableness of the rates claimed[5] and hours worked. Upon careful review of the parties' arguments and the exhibits submitted by Plaintiff in support of its request, as well as the relevant authorities, the Court finds that Plaintiff's requested fee award is unreasonable as to

---

[4] Plaintiff's understanding of the Court's October 12 Order lacks support in the actual language of the Court's Order, which, as to this point, did nothing more than note Plaintiff's representations as to the reasonableness of the rates charged, and further, specifically stated that, under prevailing Third Circuit precedent, usual billing rates are not dispositive as to reasonableness because courts are to assess the rates sought in comparison to those of attorneys with similar "skill, experience, and reputation" in the relevant community. (Doc. No. 47 at 10 n.5) (quoting Yeh, 2020 WL 1505661, at *5 (quoting Maldonado, 256 F.3d at 184)) (internal quotation marks omitted).

[5] The Court again notes Plaintiff's error in representing that the Court has ruled on the reasonableness of its proposed billing rates. Although the Court specifically ordered Plaintiff's counsel to produce detailed billing records justifying the number of hours for which Plaintiff seeks reimbursement in light of Plaintiff's failure to submit any evidence on that point, in doing so, the Court made no finding as to the reasonableness of the rates sought. See (Doc. No. 47 at 10 n.5).

both the rates claimed and the hours worked.  For the reasons that follow, the Court will award Plaintiff attorneys' fees in the amount of $10,587.50 for the fees it reasonably incurred relating to its motion for a protective order.

### 1. Reasonable Hourly Rates

As an initial matter, with regard to the rates requested by Plaintiff, the Court finds that Plaintiff has failed to meet its burden to provide sufficient evidence that the hourly rates requested—$550 per hour for Attorney Macdonald-Matthes and $385 per hour for Attorney Kaplan—are reasonable for attorneys of comparable skill, experience, and reputation in the Middle District of Pennsylvania.  As discussed more fully above, under prevailing Supreme Court and Third Circuit precedent, Plaintiff "bears the burden of establishing by way of satisfactory evidence, 'in addition to [the] attorney's own affidavits,' . . . that the requested hourly rates meet this standard."  See Washington v. Philadelphia Cnty. Ct. of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996) (citing Blum, 465 U.S. at 895 n.11) (emphasis added)).  Plaintiff offers the following support for the reasonableness of the requested rates: (1) the Affidavit of Attorney Macdonald-Matthes attesting to her (and Attorney Kaplan's) years of experience and usual billing rates; and (2) billing statements evidencing that NRA Group—a single client—pays those rates.  (Doc. Nos. 27-4 at 2; 53-1.)

A particular attorney's typical billing rate is a starting point in determining reasonableness; however, as noted above, "it is not dispositive."  See Yeh, 2020 WL 1505661, at *5 (citing Loughner, 260 F.3d at 180).  While Plaintiff has proffered evidence in addition to its attorney's own affidavit regarding her typical billing rate—namely, the billing statements evidencing that NRA Group has paid the rates sought to be reimbursed—such evidence does not establish the reasonableness of the rates in comparison with rates charged by attorneys of

comparable skill, experience, and reputation in the Middle District of Pennsylvania. See Souryavong v. Lackawanna Cnty., 159 F. Supp. 3d 514, 525 (M.D. Pa. 2016) (finding that Plaintiff failed to meet burden to establish attorney's rate as the market rate in the community by submitting an affidavit attesting to attorney's current hourly rate and the payment of that rate in two separate cases); see also Supinski v. United Parcel Serv., Inc., No. 06-cv-00793, 2012 WL 2905458, at *2 (M.D. Pa. July 16, 2012) (finding that attorney's own affidavit plus identification of a case in which she was awarded a particular rate failed to satisfy the burden to establish the prevailing market rate in the community). Accordingly, the Court finds that Plaintiff has failed to meet its initial burden to establish by way of satisfactory evidence that the rates sought are reasonable in light of the rates of attorneys with similar experience and skill in the Middle District of Pennsylvania.[6] In light of Plaintiff's failure to meet its burden, and given that Defendants have objected to the rates requested by both attorneys, the Court "has the discretion to determine what award is reasonable." See Carey, 496 F. App'x at 237 (citing Loughner, 260 F.3d at 180).

As noted above, Attorney Macdonald-Matthes, a partner with Obermayer Rebmann Mawell & Hippel LLP, seeks an hourly rate of $550, while Defendants argue for a reduction to a rate of $300 per hour. (Doc. No. 55 at 5.) Relying on Middle District of Pennsylvania fee awards in cases between the dates of 2006 to 2013, Defendants maintain that "the appropriate

---

[6] The Court notes that Plaintiff cites to U.S. Renal Care Inc. v. WellSpan Health, No. 14-cv-02257, 2018 WL 3973191 (M.D. Pa. Aug. 20, 2018), which in turn cites to an Eastern District of Pennsylvania case, Shanea S. v. Sch. Dist. of Phila., No. 12-cv-01056, 2014 WL 2586940 (E.D. Pa. June 10, 2014), in support of its position that an attorney's own affidavit and the billing records of a particular client are evidence sufficient to create a presumption of reasonableness as to the requested rate. (Doc. Nos. 27 at 5, 56 at 3.) However, the Court notes that these cases are not authoritative, and the Court ultimately finds them unpersuasive to the extent they fail to adhere to Supreme Court and Third Circuit precedent requiring evidence beyond the attorney's own affidavit to establish prevailing market rates in the community for attorneys of comparable skill, experience, and reputation. See Blum, 465 U.S. at 895 n.11; Washington, 89 F.3d at 1035.

hourly rate for litigation in this judicial district is $300 for senior partners and $200 for all other attorneys." (Id. at 10.) The Court notes that the cases relied on by Defendants in support of their requested rate are fairly distant in time, with the most recent case decided eight years ago, and further notes that market values can change over time due to factors such as inflation. See Souryavong, 159 F. Supp. 3d at 529 (stating that "past rates are not necessarily reflective of the 'current' market rate").

With regard to Attorney Macdonald-Matthes, the Court notes that more recent decisions in this district have found reasonable hourly rates between $300 and $375 for attorneys with similar levels of experience to Attorney Macdonald-Matthes. See, e.g., Yeh, 2020 WL 1505661, at *6 (collecting cases and approving hourly rates ranging "between $300[] and $375 per hour" for "experienced, seasoned litigators in the field of disability rights"); Eckert v. Chauffeurs, Teamsters & Helpers Local Union 776 Profit Sharing Plan, No. 15-cv-01920, 2018 WL 4404657, at *7 (M.D. Pa. Sept. 17, 2018) (finding "hourly rates in the range of $300 to $375 to be reasonable for attorneys" with "approximately 25 years' practicing experience in this district"). Considering the above rates awarded in the Middle District in 2018 and 2020 and Attorney Macdonald-Matthes' twenty-eight (28) years of experience, the Court will reduce Attorney Macdonald-Matthes' requested billing rate from $550 to $375 per hour, the high point of the reasonable rate range for the Middle District evidenced by the above cases.

Turning next to Attorney Kaplan, the Court again finds that Plaintiff has not made a sufficient prima facie showing that the hourly rate of $385 is reasonable because Plaintiff provides no evidence that the rate reflects the prevailing market rate for attorneys of similar experience and skill within the Middle District. As noted above, Attorney Kaplan, an associate with Obermayer Rebmann Mawell & Hippel LLP, seeks an hourly rate of $385, while

Defendants argue for a reduction to $200 per hour. (Doc. No. 55 at 5.) Attorney Kaplan's experience consists of nine years in private practice and four years as a Staff Attorney with the United States Court of Appeals for the Third Circuit. (Doc. No. 27-4 ¶ 4.) Considering Attorney Kaplan's thirteen years of experience, and noting the above recent decisions of this Court approving rates of $300 to $375 for experienced litigators with approximately twenty-five (25) years of experience and the Court's determination that $375 is an appropriate rate for Attorney Macdonald-Matthes, the Court will exercise its discretion to find that $250 is a reasonable rate in the Middle District of Pennsylvania for an attorney of Attorney Kaplan's experience. See, e.g., Cartagena v. Service Source, Inc., 328 F.R.D. 139, 145 (M.D. Pa. 2018) (approving rate of $250 as "a conservative rate which falls within the spectrum of reasonable rates previously approved by this court" in reference to experienced attorneys engaged in complex litigation). The Court turns to an assessment of the reasonableness of the hours expended in connection with the motion for protective order.

### 2. Reasonable Hours Expended

Plaintiff requests an award of fees for 51.4 hours expended in preparing and submitting its motion for a protective order, with 18.9 hours of time spent by Attorney Macdonald-Matthes and 32.5 hours of time spent by Attorney Kaplan. The Court has carefully reviewed the detailed time entries provided by Plaintiff in support of this request and Defendants' objections to those entries. For the reasons that follow, the Court will award Attorney Macdonald-Matthes 10.6 hours and Attorney Kaplan 26.45 hours, for a combined 37.05 hours reasonably expended relating to Plaintiff's motion for a protective order.

### a. Hours Directly Related to the Motion for a Protective Order

First, the Court will address the hours it finds that Plaintiff's counsel reasonably spent in furtherance of the motion for a protective order and which it will award in full.[7] Entries awarded in full are solely and specifically related to the motion for a protective order. These entries include time spent by attorneys: initially responding to the improper subpoena; corresponding with the STPD, the Court, Plaintiff, and Defendants' counsel regarding the improper subpoena and the resultant motion practice; coordinating strategy with co-counsel; researching legal issues raised by the motion for a protective order; and drafting the motion for a protective order and its reply brief.[8] Accordingly, the Court finds that the following billed time is directly related to the motion for a protective order and will award the hours in full, at the adjusted hourly rate:

| Attorney | Hours Requested | Hours Awarded | Adjusted Hourly Rate | Total Awarded |
| --- | --- | --- | --- | --- |
| Joshua Kaplan | 22.8[9] | 22.8 | $250 | $5,700.00 |
| Paige Macdonald-Matthes | 6.8[10] | 6.4[11] | $375 | $2,400.00 |

---

[7] For ease of reference, the Court adopts Defendants' numbering system used in their response, which numbers Plaintiff's invoice entries in chronological order. See (Doc. No. 55-2).

[8] The Court also finds that time spent by Plaintiff preparing a motion to quash the subpoena (4.7 hours, reflected in entries 11, 12, and 14), is fairly included in this calculation. While Defendants object to the same, Plaintiff is entitled to reimbursement for this time because the only reason it did not file and litigate the motion to quash—and instead filed and litigated the motion for protective order—is because Defendants improperly issued and served the subpoena in violation of the Federal Rules of Civil Procedure (and received documents in response to the subpoena) before Plaintiff could file a motion to quash. Accordingly, the Court finds that Plaintiff is entitled to reimbursement for the time spent in connection with the preparation of a motion to quash the subpoena.

[9] Entries 1, 11, 12, 14, 20, 25, 29, 30, 33, 35, 36, 40, 49, 50, 54, 55, 57.

[10] Entries 2, 3, 4, 10, 16, 21, 31, 32, 34, 37, 45, 56, 60, 61. The Court notes that Plaintiff voluntarily reduced entry 45, and so has awarded 0.3 hours for that entry in accordance with Plaintiff's reduction. (Doc. No. 53 ¶ 5.)

[11] The Court notes that in entry 10, Attorney Macdonald-Matthes seeks reimbursement for .6 hours for a "telephone call with JBK," while Attorney Kaplan's time entry for that same call

16

b.     **Excessive Hours**

Time spent greater than that reasonably necessary to prepare the motion for a protective order will not be granted, and the Court will reduce by half entries it finds excessive. The Court finds excessive the hours that Plaintiff's counsel spent reviewing the Subpoenaed Documents, especially considering that Defendants' procedural error alone justified granting the motion for a protective order and negated the need for a thorough review of each document, and the fact that the bulk of the Subpoenaed Documents were documents with which Plaintiff was already familiar, as they contained, by Plaintiff's own admission, "a wealth of highly sensitive business information that NRA Group provided to the STPD." See (Doc. No. 15 at 8) (emphasis added). The Court also finds excessive the hours that Plaintiff's counsel spent reviewing and conferring after the Court granted its motion for a protective order. Accordingly, the Court finds the following time billed is excessive and will reduce the hours by half, at the adjusted hourly rate:

| Attorney | Hours Requested | Hours Awarded | Adjusted Hourly Rate | Total Awarded |
|---|---|---|---|---|
| Joshua Kaplan | 2.8[12] | 1.4 | $250 | $350.00 |
| Paige Macdonald-Matthes | 3.9[13] | 1.95 | $375 | $731.25 |

c.     **Unrelated Hours**

---

reflects only .2 hours. (Doc. No. 55-2 at 2.) Accordingly, the Court will reduce Attorney Macdonald-Matthes' entry to .2 to match Attorney Kaplan's entry.

[12] Entries 24, 27, 58.

[13] Entries 26, 62, 63.

Many of Plaintiff's entries include billing for multiple tasks, some of which are unrelated to the motion for a protective order. The Court will not award attorneys' fees for time Plaintiff's counsel spent on the waiver of service issue later stipulated to by the parties and which was irrelevant to preparation of the motion for a protective order. The Court also will not award attorneys' fees for time Plaintiff's counsel spent performing miscellaneous tasks unrelated to the motion for a protective order. Accordingly, upon careful review of the relevant time entries, the Court finds the following time billed includes time spent on tasks unrelated to the motion for a protective order and will reduce the hours by half, at the adjusted hourly rate:

| Attorney | Hours requested | Hours Awarded | Adjusted Hourly Rate | Total Awarded |
|---|---|---|---|---|
| Joshua Kaplan | 4.5[14] | 2.25 | $250 | $562.50 |
| Paige Macdonald-Matthes | 4.5[15] | 2.25 | $375 | $843.75 |

### d.      Unnecessary Hours

The Court will not award attorneys' fees for time Plaintiff's counsel spent on tasks unnecessary to preparation of the motion for a protective order. Several entries detail time spent responding to a disputed time stamp on an email containing Defendants' notice of subpoena, an issue which was irrelevant to the resolution of the motion for a protective order. The Court finds that all entries pertaining to the time stamp issue, as well as one entry billing for the annotation

---

[14] Entries 5, 6, 7, 8, 9, 15, 18, 19, 48.

[15] Entries 13, 17, 22, 23, 28, 38, 51.

'

18

of a conversation between Defendant Badaczewski and Detective Gartland, are unnecessary to the motion for a protective order. Accordingly, the Court will not award attorneys' fees for the following hours:

| Attorney | Hours requested | Hours Awarded | Adjusted Hourly Rate | Total Awarded |
|---|---|---|---|---|
| Joshua Kaplan | 2.4[16] | 0 | $250 | $0 |
| Paige Macdonald-Matthes | 3.7[17] | 0 | $375 | $0 |

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiff's motion for an award of expenses and attorneys' fees will be granted in part and denied in part to reflect a total award of $10,587.50, calculated as follows:

| | **Plaintiff's Motion for Attorneys' Fees** | | | | |
|---|---|---|---|---|---|
| | **Attorney** | **Hours requested** | **Hours Awarded** | **Adjusted Hourly Rate** | **Total Award** |
| Hours directly related to the motion for a protective order: awarded in full. | Joshua Kaplan | 22.8 | 22.8 | $250 | $5,700.00 |
| | Paige Macdonald-Matthes | 6.8 | 6.4 | $375 | $2,400.00 |
| Hours which are excessive considering the tasks listed: reduced by half. | Joshua Kaplan | 2.8 | 1.4 | $250 | $350.00 |
| | Paige Macdonald-Matthes | 3.9 | 1.95 | $375 | $731.25 |
| Hours which include requests for time spent on tasks unrelated to the motion for a protective order: reduced by half. | Joshua Kaplan | 4.5 | 2.25 | $250 | $562.50 |
| | Paige Macdonald-Matthes | 4.5 | 2.25 | $375 | $843.75 |
| | Joshua Kaplan | 2.4 | 0 | $250 | $0 |

---

[16] Entries 39, 42, 59.

[17] Entries 41, 43, 44, 46, 47, 52, 53.

19

| | | | | | |
|---|---|---|---|---|---|
| Hours which are unnecessary to the motion for a protective order: not awarded. | Paige Macdonald-Matthes | 3.7 | 0 | $375 | $0 |
| **Total hours awarded** | **Joshua Kaplan** | **32.5** | **26.45** | **$250** | **$6,612.50** |
| | **Paige Macdonald-Matthes** | **18.9** | **10.6** | **$375** | **$3,975.00** |
| **Total fees awarded** | | | | | **$10,587.50** |

An appropriate Order follows.